AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

**FILED**
**UNITED STATES DISTRICT COURT**
ALBUQUERQUE, NEW MEXICO

# UNITED STATES DISTRICT COURT

DEC - 2 2019

for the

District of New Mexico

**MITCHELL R. ELFERS**
**CLERK**

| | |
|---|---|
| In the Matter of the Seizure of | ) |
| *(Briefly describe the property to be seized)* | ) |
| Undetermined amount of U.S. Currency | ) |
| | ) |
| | ) |

Case No.  19 M R 1529

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of _____ New Mexico _____ is subject to forfeiture to the United States of America under ____ 21 ____ U.S.C. § 881(a)(6) *(describe the property)*:

Undetermined amount of U.S. currency; in all accounts associated with Francisco DIAZ, SSN# 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, DOB: 04/28/1982, at Guadalupe Credit Union

Official count is pending.

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Jason Jones, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  12/02/2019

_____
*Judge's signature*

*Magistrate*
U.S. Magistrate Judge Kirtan Khalsa
*Printed name and title*

City and state:  Albuquerque, New Mexico

## AFFIDAVIT

I, Jason Jones, having been first duly sworn, depose and say:

I have been employed by the United States Department of Justice, Drug Enforcement Administration ("DEA") since June 2018. Prior to employment with the DEA, I was employed as a police officer with the Metropolitan Police Department for five years. During this time, I have accumulated the following training and experience:

(a) I graduated from the DEA Academy in Quantico, Virginia. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substance identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical applications of narcotics enforcement, surveillance and electronic monitoring techniques, money laundering investigations and various forensic subjects including latent fingerprint collection and analysis.

(b) As a police officer and DEA agent, I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), methamphetamine, prescription pills and other controlled substances defined in Title 21, USC, Section 801.

## PROPERTY TO BE SEIZED

1. This affidavit is made in support of an application for a seizure warrant for the following bank account:

   Held at <u>Guadalupe Credit Union</u>:

   a. All accounts associated with Francisco DIAZ, SSN# 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, DOB: 04/28/1982 ("TARGET ACCOUNTS");

2. There is probable cause to believe that the funds in said bank accounts were used to facilitate illegal drug trafficking or represent funds derived from or comingled with proceeds traceable to violations of 21 U.S.C. §§ 841(a)(1) and 846. As such, the funds in the bank accounts are subject to criminal seizure and forfeiture pursuant to

Title 21 U.S.C. §§ 853 (a)(1) and (a)(2), 853 (f), and civil seizure and forfeiture pursuant to Title 21 U.S.C. § 881(a)(6).

3. There is probable cause to believe that the funds in the aforementioned bank accounts were obtained by Francisco DIAZ, or his coconspirators, through proceeds derived from the distribution of Cocaine Hydrochloride. There is also probable cause to believe that the proceeds of the scheme were moved through financial transactions whereby DIAZ deposited, had deposited, transferred, and/or withdrew the money, obtained from such illegal sales, to and from their various personal accounts.

4. Since this Affidavit is being submitted for the limited purpose of securing a Seizure Warrant for the bank accounts, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for an order authorizing the search and seizure of the bank accounts described above.

## PROBABLE CAUSE

5. I have been involved in an ongoing investigation regarding the distribution of illegal drugs, specifically Cocaine Hydrochloride, by Francisco DIAZ. Since the investigation's inception, I, other Special Agents with DEA, and law enforcement officials from other agencies have obtained information regarding the illegal drug trafficking activities of DIAZ.

6. On Tuesday, September 3, 2019, agents with the Albuquerque District Office Special Response Team (SRT), Tactical Diversion Squad/Group 4 and Region III Narcotics Task Force executed a Federal Search and Seizure Warrant, MR-19-1039, signed by the Honorable Steven C. Yarbrough, for 7 Josephine Road, Santa Fe, NM.

7. Agents located and seized several clear zip-loc baggies containing a white powdery substance, later determined to be cocaine, inside the master bedroom closet. Also located in the closet with the cocaine, agents seized one (1) silver and black Taurus PT 24/7 Pro, semi-automatic 40 caliber pistol; and one (1) silver and black Bryco Model 48, semi-automatic 380 caliber pistol. Agents located and seized four (4) separate kilogram-sized wrappers from the master bedroom closet. Agents also located and seized from the master bedroom an undetermined amount of United States currency.

8. Agents conducted an interview with DIAZ. Agents verbally read DIAZ his Miranda Rights, and DIAZ answered in the affirmative that he (DIAZ) understood his rights and agreed to answer questions. DIAZ stated that the cocaine and the firearms located in the master bedroom closet were his (DIAZ). DIAZ further stated that he (DIAZ) had been selling cocaine for a "few" years.

9. DIAZ stated to agents that he (DIAZ) purchased one (1) kilogram of cocaine for $25,000 every two (2) to three (3) months. Based on this information, agents believe DIAZ purchased between four (4) to six (6) kilograms of cocaine a year.

10. DIAZ stated the he (DIAZ) would take the one (1) kilogram of cocaine he (DIAZ) purchased and cut it to double the cocaine. DIAZ stated that he (DIAZ) made one (1) kilogram of cocaine into two (2) kilograms of cocaine mixture.

11. Based on DIAZ' statements agents believe DIAZ sold between eight (8) to twelve (12) kilograms of cocaine mixture a year.

12. DIAZ stated that he (DIAZ) made approximately $7,000 to $10,000 profit on one (1) kilogram of cocaine mixture. Based on this information, DIAZ was selling one (1) kilogram of cocaine mixture for approximately $32,000 to $35,000.

13. Based on all the statements made by DIAZ concerning the amounts sold (8-12 kilograms per year) and the profits generated per kilogram sold ($7,000-10,000 per kilogram), DIAZ would make approximately $56,000 to $120,000 profit per year from selling cocaine/cocaine mixture.

14. Agents located a Guadalupe Credit Union receipt date August 15, 2019, during the executing of the Federal search warrant, which stated the new balance on one of the TARGET ACCOUNTS was $134,387.14. There are two related target accounts, one checking account and one savings account – the names and signature information on the two related accounts are the same. Guadalupe Credit Union has placed a temporary hold/freeze on the funds in the accounts. After further investigation agents learned, the name on the TARGET ACCOUNTS is Francisco DIAZ, Jr. (son of DIAZ). However, DIAZ his the signatory of the TARGET ACCOUNTS. Agents believe Francisco DIAZ, Jr. is a minor child, approximately fourteen years old.

15. Based on DIAZ' statements regarding the specifics of selling cocaine for a "few" years, agents believe the balance of the TARGET ACCOUNTS is consistent with the approximate monetary proceeds from the sale of illegal drugs.

16. Based on my training and experience drug traffickers regularly have family members open bank accounts as a way to conceal illegal drug proceeds.

17. Agents located and seized DIAZ' 2017 individual income tax return and DIAZ's 2017 business tax returns.

18. According to DIAZ' 2017 U.S. Individual Income Tax Return Form 1040 line 37 his (DIAZ) adjusted gross income in 2017 was $15,031.

19. According to DIAZ' 2017 U.S Income Tax Return for an Corporation Form 1120S for Affordable Comfort Systems, LLC, owned by DIAZ, line 6 total income was $26,940. According to line 20 the business had a total deductions of $26,588. The total ordinary business income according to line 21 was $351.

20. Agents also located and seized a 2018 silver Cadillac Escalade ESV Platinum.

21.  According to subpoena returned from General Motors Financial in 2019, DIAZ purchased a 2018 silver Cadillac Escalade ESV Platinum. DIAZ made a cash down payment of $5,060 and financed the remaining $72,716.73 over the course of 75 months for $1,283.06 per month.

22. Agents questioned DIAZ about the disparity between his (DIAZ) income and bank balance and his (DIAZ) assets. DIAZ stated he (DIAZ) has a profitable business.

23. Agents analyzed DIAZ' known signature acquired from DIAZ and a signature from a May 21, 2018, deposit of $10,755.78. Based upon this comparison, it appears that DIAZ' signature is on the deposit paperwork and agents believe the signature of both match.

24. Based upon my investigation into the subject accounts, I believe that the funds in the TARGET ACCOUNTS are used to facilitate illegal drug trafficking or represent funds derived or comingled from proceeds traceable to violations of 21 U.S.C. §§ 841(a)(1) and 846.

25. Therefore, I request that the Court issue a Seizure Warrant as authorized under Title 21 U.S.C. 881(b) and 853(a)(1) and (a)(2).  I request this warrant be issued in lieu of a restraining order as required by Title 21 U.S.C. § 853(f), as an order under 21

U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for
forfeiture because the accounts contain tangible proceeds which are subject to rapid
dissipation and the defendants/owners or their designees cannot reasonably be relied
upon to abide by an order to maintain the property.

26. I further request that a seizure warrant direct the above listed financial institutions at
which the TARGET ACCOUNTS are maintained to do the following:

- freeze the contents of the accounts in place and to refuse the withdrawal of any
  amount from the accounts by anyone other than the United States Drug
  Enforcement Administration (DEA), and
- while any contents of the accounts are frozen in place to accrue deposits, interest,
  and dividends, until DEA directs that the contents of the accounts be finally
  liquidated and no contents remain.

Freezing the contents could occur in the event the bank is unable to provide the funds
immediately to the DEA and therefore restricts the removal and/or dissipation of the
funds by the account holder(s).


I declare under the penalty of perjury that this information is true and correct to the
best of my knowledge.

Jason Jones, Special Agent
U.S. Drug Enforcement Administration
Albuquerque District Office

Subscribed and sworn to before me this _2nd_ day of December 2019.

Kirtan Khalsa
United States Magistrate Judge
~~New Mexico Judicial District~~

5